16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Don A. JOHNSON, Petitioner-Appellant,
v.
R. Michael CODY and Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 93-6310.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 14, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Don A. Johnson appeals the district court's denial of his petition for a writ of habeas corpus filed under 28 U.S.C. 2254. He contends that the district court erred in dismissing one of his claims as unexhausted and in finding no constitutional error in the state court's denial of his motion to withdraw his guilty plea for lack of competency. We affirm.
 
 BACKGROUND
 
 3
 Johnson was charged with robbery and attempted robbery in the first degree in separate but consolidated cases in an Oklahoma court. He entered pleas of guilty to these charges in a hearing on December 10, 1990. At this hearing, the trial judge asked Johnson and his court-appointed attorney about Johnson's competency. Johnson revealed that he had taken a prescription sleeping pill the night before but attested that his mind was clear, that he understood where he was, why he was there, and the consequences of pleading guilty. He completed a Summary of Facts form in which he answered questions about his competency and the charges he faced. He also filed a handwritten affidavit admitting that he committed some of the acts for which he was charged and not denying the others. The trial judge accepted Johnson's guilty pleas and set the cases for sentencing.
 
 
 4
 Prior to sentencing, Johnson obtained new counsel and filed a motion to withdraw his guilty pleas. At a hearing on this motion on April 11, 1991, the judge again inquired into Johnson's competency. Johnson explained that his sleeping medication had been changed and that he thought the medication was affecting his thinking "a little." After further inquiry, the judge found him competent for purposes of that hearing. The judge also found that he was competent when he entered his guilty plea and therefore denied his motion to withdraw. Johnson was sentenced to twenty-five years' imprisonment on each count, to be served concurrently.
 
 
 5
 He appealed the denial of his motion to withdraw to the Oklahoma Court of Criminal Appeals. His sole assignment of error on this appeal was that the trial court denied his right to due process in accepting his guilty plea because it "failed to properly determine if Mr. Johnson was competent to enter a plea." The Oklahoma Court of Criminal Appeals rejected this claim, "finding no error requiring reversal or modification under the law and evidence...."
 
 
 6
 Johnson then filed this federal petition for a writ of habeas corpus alleging three grounds for relief. The first ground alleges an unconstitutional delay in the briefing stage of his state appeal, but after filing his petition Johnson conceded that this does not state a ground for relief. Petitioner's Response to Find. and Recomm. of Mag. Judge, at 1.
 
 
 7
 The second ground for relief asserts that the state trial court lacked jurisdiction at sentencing. The district court dismissed this claim without prejudice holding that Johnson had not exhausted state remedies on this ground as required by 28 U.S.C. 2254(b). Ordinarily, the presence of both exhausted and unexhausted claims in a federal habeas petition creates a "mixed" petition which must be dismissed in its entirety. Rose v. Lundy, 455 U.S. 509, 510 (1982). Here, however, the district court dismissed only the unexhausted claim because Johnson suggested in his traverse to the state's motion to dismiss that the court could consider his petition amended to exclude the jurisdictional argument if the court found that it had not been exhausted.
 
 
 8
 Johnson's third ground for relief asserts that the state court failed to use adequate procedures in evaluating his competency to enter his plea and be sentenced. He has met the exhaustion requirement for this claim, having raised it before the Oklahoma Court of Criminal Appeals in appealing the denial of his motion to withdraw his plea. Following the magistrate's recommendation, the district court found this claim meritless and, accordingly, denied the petition.
 
 DISCUSSION
 
 9
 Johnson first contends that he "fairly presented" his jurisdictional claim to the state courts and that the district court erred in dismissing it as unexhausted. Although his petition does not make this clear, he explains that the jurisdictional claim is a "sub-ground" of his third ground for relief challenging the procedure used by the state court to find him mentally competent (i.e., the state court lacked jurisdiction at sentencing because it had improperly determined him to be competent). We find no error in the district court's decision, at Johnson's suggestion, to dismiss as unexhausted this claim as it was stated in the petition. And, in any event, the claim as Johnson now describes it is merely repetitive of his third claim.
 
 
 10
 As to his third claim, Johnson contends, as he did unsuccessfully in the Oklahoma Court of Criminal Appeals, that he was mentally incompetent because of his sleeping medication when entering his pleas and at sentencing and that the state court failed to follow adequate procedures in evaluating his competency, thereby violating federal due process. The record does not support this claim.
 
 
 11
 As indicated above, the state court judge made specific inquiries of Johnson and his counsel, both at the plea proceeding and the hearing on Johnson's motion to withdraw his plea, into Johnson's competency. At the plea proceeding, Johnson revealed that he had taken sleeping medication the night before. Prior to accepting Johnson's plea, the judge asked, "Is there anything about that sleeping medication that affects your judgment?" Johnson replied, "No." The judge then asked, "Your mind's clear right now; is that right?" Johnson replied, "Yes." The judge also asked, "And you understand why you're here?" And Johnson answered, "Yeah." The judge asked Johnson's counsel if there was any reason "to think that Mr. Johnson is not competent today and able to assist you in presenting his defense?" Johnson's attorney responded, "No ma'am." In addition to the verbal exchanges between the judge, Johnson, and Johnson's counsel, the court also had before it a handwritten Summary of Facts form and a handwritten affidavit admitting his culpability, both from Johnson.
 
 
 12
 At the subsequent hearing on his motion to withdraw, Johnson explained that he had changed sleeping medication and that his new prescription clouded his thinking "a little." The judge asked Johnson a number of questions about his medication and about his understanding of the nature of the present proceedings, including, "Do you understand why you're in front of me today?" Johnson correctly replied, "Well, withdrew from the plea, withdraw from the plea." The record shows that Johnson conversed with the judge without difficulty, offering lucid and appropriate responses to the judge's questions.
 
 
 13
 We agree with the district court that the state court's factual conclusions regarding Johnson's competency are "fairly supported by the record" and are therefore presumed correct. 28 U.S.C. 2254(d); Maggio v. Fulford, 462 U.S. 111, 117 (1983) (per curiam). More particularly, Johnson has alleged no specific constitutional deficiency in the manner or procedure by which the state court reached its conclusions, and we discern none. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----